

**FILED & ENTERED**

**DEC 28 2016**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** gonzalez **DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:     Rajinder Kumar Jawa, Debtor. | Case No.:   2:13-bk-25539-ER<br>Chapter:    7<br><br>**MEMORANDUM OF DECISION DENYING SPICE 4 LIFE'S MOTION FOR RECONSIDERATION OR FOR STAY PENDING APPEAL [DOC. NO. 383]**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

    The Court has reviewed the Motion for Reconsideration of Order Entered Overruling Objections to Trustee's Final Report or to Modify Order or for Stay Pending Appeal (the "Second Motion for Reconsideration") [Doc. No. 383] filed by Spice 4 Life, Inc. ("Spice 4 Life") and the opposition thereto filed by the Chapter 7 Trustee ("Trustee") [Doc. No. 384]. For the reasons set forth below, the Second Motion for Reconsideration is DENIED.

## I. Facts

    Rajinder Kumar Jawa and Debra Lynn Jawa (the "Debtors") commenced this voluntary Chapter 7 petition on June 13, 2013. Prior to filing the petition, the Debtors executed the Kumar Jawa Revocable Living Trust Dated November 26, 2003 (the "Debtors' Trust"). On November 26, 2013, the Trustee filed a motion to revoke the Debtors' Trust (the "Revocation Motion"). *See* Doc. No. 63. The Debtors' Trust claimed an interest in commercial real property located at 3126 Los Feliz Boulevard, Los Angeles, CA 90039 (the "Property"). Spice 4 Life, which also claims an interest in the Property, received notice of the Revocation Motion, and did not object. On February 19, 2014, the Court granted the Revocation Motion. *See* Doc. No. 101 ("Revocation

Order"). The Revocation Order provides that the Property is property of the bankruptcy estate in its entirety.

On August 27, 2014, the Trustee moved for approval of an order authorizing the sale of the Property (the "Sale Motion"). *See* Doc. No. 159. Spice 4 Life opposed the Sale Motion, arguing that the estate held only a 12% interest in the Property and that Spice 4 Life held the remaining 88%. The Court overruled Spice 4 Life's opposition, finding that by failing to timely contest the Revocation Order, Spice 4 Life had waived its right to assert that the Property was not property of the estate. *See* Final Ruling Granting Sale Motion [Doc. No. 195] at 10. The Court found that Spice 4 Life had no ownership interest in the Property and that the Property was property of the estate that the Trustee could administer for the benefit of creditors. *Id.* at 11. On September 30, 2014, the Court entered an order granting the Sale Motion. *See* Doc. No. 214 ("Sale Order").

Spice 4 Life, the Debtors, Raj Jawa (the Debtors' son), and Kamlesh Rani (the sister of Debtor Rajinder Jawa) appealed the Sale Order to the Bankruptcy Appellate Panel ("BAP"). On March 12, 2015, the BAP dismissed the appeal. *See* Order Dismissing Appeals [Doc. No. 329]. The BAP found that the Debtors lacked standing to appeal the Sale Order because there was no indication that the Debtor's estate would generate a surplus. *Id.* at 2. The BAP dismissed the appeal as moot as to the remaining appellants because the Sale Order had not been stayed pending appeal and the sale had been consummated and could not be undone. *Id.*

On March 26, 2015, Spice 4 Life sought reconsideration of the BAP's dismissal of its appeal of the Sale Order. Spice 4 Life argued that even if the sale could not be set aside, the BAP could still fashion effective relief by determining that Spice 4 Life held an 88% interest in the funds generated by the sale. In opposition to Spice 4 Life's motion for reconsideration, the Trustee argued that that the issue as to whether Spice 4 Life had an interest in the sale proceeds was not properly before the BAP: "Unless and until the Trustee seeks to distribute the net sale proceeds of approximately $1,094,352.02, the issue as to the right of Spice 4 Life to 88% of the sale proceeds … is not a ripe issue even before the Bankruptcy Court, let alone this Court [the BAP]. Therefore, this Court [the BAP] has no 'case or controversy' before it and has no jurisdiction to allocate the net sale proceeds as suggested by the Movants." *See* Doc. No. 51 at 16–17, Case No. 14-1477.

On June 19, 2015, the BAP denied Spice 4 Life's motion for reconsideration. The BAP reasoned: "The relief appellants [Spice 4 Life] seek in this motion relates to the proceeds of the sale. As conceded by the chapter 7 trustee in his opposition, the disposition of the proceeds has not been finally decided by the bankruptcy court." *See* Order Denying Reconsideration [Doc. No. 52 at 1–2, Case No. 14-1477]. Spice 4 Life did not appeal the BAP's denial of its motion for reconsideration.

On February 18, 2015, approximately four months after the Bankruptcy Court entered the Sale Order, Spice 4 Life sought reconsideration of the Revocation Order, which provided that the Property that had been sold is property of the estate. *See* Doc. No. 266 (the "First Motion for Reconsideration"). Spice 4 Life asserted that it had not received sufficient notice of the relief sought in the Revocation Motion, and restated its argument that it held an 88% interest in the Property. Spice 4 Life moved for deletion of the provision in the Revocation Order stating that the Property is property of the bankruptcy estate, and requested that the Court order that 88% of the sale proceeds be distributed to Spice 4 Life. On February 23, 2015, the Court denied the First Motion for Reconsideration. The Court found that Spice 4 Life had not sought reconsideration

within a reasonable time, as required by Civil Rule 60(b).[1] The Court further found that Spice 4 Life had received sufficient notice of the Revocation Motion:

> The Trustee served the Notice of Motion on at least three addresses for Spice 4 Life. The proof of service was far more thorough than typical and listed Spice 4 Life in the category of "Lienholders/Interested Parties[.]" Despite having received actual notice of the Revocation Motion, Spice4Life filed no opposition…. Spice 4 Life was informed of the Trustee's intentions with regard to the Property and did nothing until—at the latest—nearly a year after receiving this notice to protect its rights.

Memorandum of Decision Denying Motion for Relief from Order Entered February 19, 2014 or to Modify Order [Doc. No. 268] at 8–9.

Finally, the Court found that Spice 4 Life's contention that it held an 88% interest in the Property had been considered and rejected by the Court in its adjudication of the Sale Motion. The Court restated the findings made in its Final Ruling Approving the Sale Motion:

> Spice 4 Life and Raj Jawa received proper notice of the Revocation Motion, and their failure to file an opposition was deemed consent to the granting of the relief requested pursuant to LBR 9013-1(h). That order is now final. Consequently, the Court finds that Spice4Life and Raj Jawa waived their rights to contest the ownership of the Property….
>
> The Court also finds that, even if Spice 4 Life did not waive its right to object to the ownership of the Property, Spice 4 Life's evidence is insufficient to prove that the Debtor transferred ownership interests in Spice 4 Life to his family members prior to the Transfer Date [the date the Property was transferred from Rajinder Jawa and Spice4Life to the Trust] or that Debtor [Rajinder Jawa] lacked authority to act on behalf of Spice 4 Life when transferring the Property to the Trust. The Court agrees with the Trustee that Spice 4 Life's Bylaws grant broad authority to its directors and Spice 4 Life's corporate filings contradict Spice 4 Life's current position. Moreover, the Trustee submitted a validly recorded deed of trust demonstrating that Spice 4 Life transferred the Property to the Trust and Spice 4 Life has not provided any evidence to invalidate that recording. Accordingly, the Court finds that as of the Transfer Date, Spice 4 Life no longer owned any interest in the Property and the Property is now property of the estate which the Trustee may administer for the benefit of Debtors' creditors.

*Id.* at 10.

On March 9, 2015, Spice 4 Life appealed the Court's denial of the First Motion for Reconsideration to the BAP. On December 4, 2014, the BAP affirmed the Bankruptcy Court. The BAP found that even if it were to reverse the Bankruptcy Court's denial of the First Motion for Reconsideration, it could not provide Spice 4 Life any meaningful relief. The BAP determined that the appeal was equitably moot because Spice 4 Life could not unwind the sale of the Property. As an independent and alternative basis for affirmance, the BAP found that Spice 4 Life had not sought reconsideration within a reasonable time and that Spice 4 Life had received adequate notice of the Revocation Motion. Regarding its finding that Spice 4 Life had received adequate notice of the Revocation Motion, the BAP explained:

---

[1] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§101–1532.

> Spice 4 Life argues that the notice it received—Rund's detailed notice of motion—did not adequately apprise Spice 4 Life of what was at stake. According to Spice 4 Life, Rund's written notice of motion was inadequate for due process purposes because the notice did not specifically state that Rund sought a determination that Spice 4 Life did not own the property. We disagree. In the notice of motion, Rund explicitly asserted that the Los Feliz property was owned by the debtor's living trust by virtue of the June 2012 trust transfer deed, which transferred title from Spice 4 Life to the trust. Rund also explicitly asserted that revocation of the trust was in the best interests of the debtors' bankruptcy estate because, upon revocation, the estate would obtain clear title to the Los Feliz property and then would be able to market the property for sale. Rund's assertions were fundamentally incompatible with Spice 4 Life's ownership claim, and Rund's stated intent to sell the Los Feliz property was patently adverse to Spice 4 Life's ownership claim. In light of these circumstances, we reject Spice 4 Life's argument that it received insufficient notice for due process purposes ….

Memorandum [Affirming Denial of Motion for Reconsideration] at 13 [Doc. No. 24, Case No. 15-1077].

Spice 4 Life did not appeal the BAP's affirmance of the Bankruptcy Court's denial of the Motion for Reconsideration.

On November 15, 2016, the Court conducted hearings on the Trustee's Final Report and on applications for compensation filed by the estate's professionals (the "Fee Applications"). Spice 4 Life filed an untimely objection to the Trustee's Final Report. Spice 4 Life once again claimed an ownership interest in 88% of the proceeds from the sale of the Property, and objected to the Trustee's proposal to distribute those proceeds to creditors. Spice 4 Life contended that the Court had never determined the issue of its entitlement to the sale proceeds. In support of this contention, Spice 4 Life cited a statement made by the Court at the hearing on the Sale Motion, in which the Court said that it would consider whether Spice 4 Life held an ownership interest in the sale proceeds if the issue were brought by motion. Spice 4 Life also pointed to the BAP's order denying its motion for reconsideration of the dismissal of Spice 4 Life's appeal of the Sale Order. In that order, the BAP observed that "the disposition of the [sale] proceeds has not been finally decided by the bankruptcy court." *See* Order Denying Reconsideration [Doc. No. 52 at 1–2, Case No. 14-1477].

The Court overruled Spice 4 Life's objections to the Trustee's Final Report. The Court explained:

> Contrary to Spice 4 Life's contention, the issue of whether it is entitled to 88% of the sale proceeds has already been determined by the Court. The issue was first determined when the Court entered the Revocation Order, which provides that the Property is property of the estate in its entirety. The Court reiterated this finding in its Final Ruling Approving the Sale Motion. That finding remained undisturbed on appeal as a result of the BAP's dismissal of the appeal of the Sale Order as moot. The Court revisited the issue once again when it denied Spice 4 Life's Motion for Reconsideration of the Revocation Order. In its Memorandum of Decision denying the Motion for Reconsideration, the Court once again found that the Property is property of the estate. *See* Memorandum of Decision Denying Motion for Relief from Order Entered February 19, 2014 or to Modify Order [Doc. No. 268] at 8–9. The Court's denial of the Motion for Reconsideration was affirmed by the BAP. Spice 4 Life's claim that the Revocation

> Order was invalid because Spice 4 Life had received inadequate notice was rejected by the BAP.
>
> Since the Property is property of the estate in its entirety, the proceeds of the sale of that Property are necessarily property of the estate as well. In an attempt to escape this inevitable result, Spice 4 Life points to the BAP's statement that "the disposition of the [sale] proceeds has not been finally decided by the bankruptcy court." According to Spice 4 Life, this statement means that the Court has not yet determined whether it has an interest in the sale proceeds. Spice 4 Life is mistaken. The BAP correctly observed that the Court has not yet approved the Trustee's distribution of the sale proceeds to general unsecured creditors. That observation has no bearing upon the Court's determination—which was affirmed by the BAP—that the Property is property of the estate. Accordingly, Spice 4 Life has no interest in the sale proceeds.
>
> Spice 4 Life's expressed intention to file an adversary proceeding for a declaration that it holds an interest in the sale proceeds is not well taken. Spice 4 Life has presented its arguments regarding its claimed interest in the sale proceeds in connection with the Sale Motion and the Motion for Reconsideration. As stated above, the Court rejected Spice 4 Life's arguments, and Spice 4 Life's arguments were also rejected on appeal. Any attempt by Spice 4 Life to reintroduce these arguments through an adversary proceeding would constitute an improper attempt to cause unnecessary delay and needlessly increase the costs of this litigation.

Ruling Approving Trustee's Final Report ("Final Ruling") [Doc. No. 373] at 7–8.

Prior to the hearing on the Trustee's Final Report, the Court provided to the parties a tentative ruling containing the findings and conclusions that were later adopted in the Court's Final Ruling. The tentative ruling stated that parties who submitted to Court's findings and conclusions were not required to appear at the hearing. All parties—including Spice 4 Life—submitted on the Court's tentative ruling and did not appear at the hearing to argue against any of the Court's findings and conclusions.

On November 16, 2016, the Court entered the Order Allowing Administrative Claims, Professional Fees and Expenses, Trustee's Fees and Expenses (the "TFR Order") [Doc. No. 374]. The TFR Order permitted the Trustee to pay professional fees and expenses as contemplated in the Trustee's Final Report, stating that the "Trustee shall immediately proceed with the final distribution to creditors and professionals." On November 18, 2016, the Court entered the Order Overruling Spice 4 Life, Inc.'s Objection to the Trustee's Final Report and Account (the "Objection Order") [Doc. No. 376].

**Spice 4 Life's Motion for Reconsideration and the Trustee's Opposition Thereto**

Spice 4 Life now seeks reconsideration of the Objection Order.[2] Spice 4 Life repeats its claim that it did not receive proper notice of the Revocation Motion, and contends that its rights to the Property's sale proceeds have never been adjudicated. Spice 4 Life seeks authorization to challenge the distribution provided for in the Trustee's Final Report through an adversary

---

[2] The Second Motion for Reconsideration seeks reconsideration only of the Objection Order, not the TFR Order. However, the relief requested by Spice 4 Life—the ability to object to the distribution of the proceeds provided for by the TFR Order—necessarily entails reconsideration of the TFR Order as well. Therefore, the Court will construe the Second Motion for Reconsideration as though it also sought reconsideration of the TFR Order.

proceeding or contested matter. In the alternative, Spice 4 Life seeks a stay of the TFR Order pending its appeal of the Objection Order. Spice 4 Life argues that its appeal of the Objection Order will be rendered moot if the Trustee is permitted to distribute the sale proceeds in accordance with the TFR Order.

In Opposition to the Motion for Reconsideration, the Trustee states that the distribution provided for in the TFR Order has already been completed, that all administrative claimants have cashed their checks, and that all creditors have cashed their checks, with the exception of one creditor who has not cashed a check for $46.25. Therefore, the Trustee asserts, any stay or reconsideration of the distribution is now moot. The Trustee further argues that the Second Motion for Reconsideration merely repeats arguments previously raised by Spice 4 Life, and does not refer to newly discovered evidence, an intervening change in controlling law, or any other grounds sufficient to support reconsideration.

## II. Findings and Conclusions

A motion for reconsideration is governed by Civil Rule 59(e), which is made applicable to these proceedings by Bankruptcy Rule 9023. *Hale v. United States Trustee (In re Basham)*, 208 B.R. 926, 934 (B.A.P. 9th Cir. 1997), *aff'd sub nom. In re Byrne*, 152 F.3d 924 (9th Cir. 1998). Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citation omitted). "'[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.' A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation omitted). A motion for reconsideration may not be used "to rehash the same arguments made the first time or simply express an opinion that the court was wrong." *In re Greco*, 113 B.R. 658, 664 (D. Haw. 1990), *aff'd and remanded sub nom. Greco v. Troy Corp.*, 952 F.2d 406 (9th Cir. 1991); *see also In re Mannie*, 299 B.R. 603, 608 (Bankr. N.D. Cal. 2003) (internal citation omitted) ("A motion to reconsider should not be used 'to ask the court "to rethink what the court had already thought through—rightly or wrongly"—or to reiterate arguments previously raised.'").

This is the second motion for reconsideration that Spice 4 Life has filed in an attempt to undo the effects of the Revocation Order. In denying the First Motion for Reconsideration, the Court rejected Spice 4 Life's contention that it held an 88% interest in the Property. Instead, the Court found that the Property is property of the estate in its entirety in which Spice 4 Life holds no interest. *See* Memorandum of Decision Denying Motion for Relief from Order Entered February 19, 2014 or to Modify Order [Doc. No. 268] at 8–9. That finding was affirmed by the BAP on appeal, which rejected Spice 4 Life's contention that it had not received adequate notice of the Revocation Motion. *See* Memorandum [Affirming Denial of Motion for Reconsideration] at 13 [Doc. No. 24, Case No. 15-1077].

In an attempt to avoid the consequences of the Court's determination that Spice 4 Life has no interest in the Property, Spice 4 Life now argues that the Court has never determined whether Spice 4 Life holds any rights in the proceeds of the sale of the Property. The Court considered and rejected this argument in its Final Ruling Approving the Trustee's Final Report (excerpted above). As the Court explained in that Final Ruling, Spice 4 Life's argument is nonsensical. The

Court has determined, on multiple occasions, that Spice 4 Life has no interest in the Property.[3] From that determination it follows ineluctably that Spice 4 Life has no interest in the sale proceeds of the Property. The mere fact that the Court had not, until recently, approved the distribution proposed in the Trustee's Final Report does not permit Spice 4 Life to relitigate the issue of its interest in the Property. That issue was finally determined long ago. Having failed to present any newly discovered evidence, point to an intervening change in controlling law, or show that the Court committed clear error, Spice 4 Life is not entitled to reconsideration of the Objection Order or the TFR Order under Rule 59(e).

Nor is Spice 4 Life entitled to reconsideration of the Objection Order or TFR Order under Rule 60(b). Rather than show that any of the grounds for relief from an order set forth in Rule 60(b) apply, Spice 4 Life merely repeats arguments that were previously considered and rejected by the Court. Dissatisfaction with the Court's ruling does not furnish a basis for relief under Rule 60(b).

Spice 4 Life's request for a stay pending appeal of the TFR Order is denied. Because Spice 4 Life waited sixteen days to seek a stay of the TFR Order, the Trustee has already distributed the approximately $1.09 million remaining in the estate to administrative claimants and creditors. All administrative claimants have cashed their checks. Fifteen of the sixteen creditors have cashed their checks; the only check that has not cashed is in the de minimis amount of $46.25. Spice 4 Life's request for a stay of the distributions has been rendered moot.

Even if Spice 4 Life's request for a stay of the distribution were not moot, Spice 4 Life fails to present sufficient grounds for a stay pending appeal. "A party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in his favor, and that a stay is in the public interest." *Humane Soc. of U.S. v. Gutierrez*, 558 F.3d 896 (9th Cir. 2009). With respect to the first requirement, likelihood of success on the merits, the Ninth Circuit has explained:

> There are many ways to articulate the minimum quantum of likely success necessary to justify a stay—be it a "reasonable probability" or "fair prospect," as *Hollingsworth,* 130 S.Ct. at 710, suggests; "a substantial case on the merits," in *Hilton*'s words, 481 U.S. at 778, 107 S.Ct. 2113; or, as articulated in *Abbassi,* 143 F.3d at 514, that "serious legal questions are raised." We think these formulations are essentially interchangeable, and that none of them demand a showing that success is more likely than not. Regardless of how one expresses the requirement, the idea is that in order to justify a stay, a petitioner must show, at a minimum, that she has a substantial case for relief on the merits.

*Leiva-Perez v. Holder*, 640 F.3d 962, 967–68 (9th Cir. 2011)

First, Spice 4 Life has not shown that it is likely to succeed upon the merits. Spice 4 Life has not even shown that serious legal questions are raised. As noted, Spice 4 Life's contention that it held an 88% interest in the Property has been rejected by both this Court and the BAP. Given the final determination that it lacked any interest in the Property, the chance of Spice 4 Life obtaining a ruling on appeal that it is entitled to any of the proceeds from the sale of the Property is exceedingly slim.

Second, Spice 4 Life has not demonstrated irreparable injury. Spice 4 Life states that absent a stay, its appeal will become moot and it will lose its ability to assert its claim to an interest in the Property's sale proceeds. These harms do not constitute irreparable injury. "The law is clear in

---

[3] A summary of the Court's rulings regarding Spice 4 Life's interest in the Property is set forth in *Section I, Facts*; the Court will not repeat the information previously presented.

the Ninth Circuit that 'irreparable injury cannot be shown solely from the possibility that an appeal may be moot.'" *In re Red Mountain Mach. Co.*, 451 B.R. 897, 908-09 (Bankr. D. Ariz. 2011) (citing *In re Fullmer*, 323 B.R. 287, 304 (Bankr. D. Nev. 2005)). Economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award. *Rent-A-Center, Inc., v. Canyon Television and Appliance Rental, Inc.*, 944 F.2d 597 (9th Cir. 1991).

Third, the balance of the equities do not tip in Spice 4 Life's favor. Even if the Court could unwind the Trustee's distribution—which it cannot do—creditors would be prejudiced by a further delay in receiving their funds. Creditors have already been required to endure substantial delay, as this case has been pending since June 6, 2013.

Finally, the public interest weighs against a stay. The expeditious administration of bankruptcy estates is in the public interest. A stay of the TFR Order would delay administration of the estate.

Based upon the foregoing, Spice 4 Life's motion for reconsideration of the Objection Order and TFR Order is DENIED. Spice 4 Life's request for a stay pending appeal of the TFR Order is DENIED. The Court will enter an order consistent with this Memorandum of Decision.

###

Date: December 28, 2016

Ernest M. Robles
United States Bankruptcy Judge